IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN LUTHER ROGERS,<br><br>            Plaintiff,<br><br>  v.<br><br>D. MCKISHEN, et al.,<br><br>            Defendants. | Civil Action<br>No. 13-3771 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief District Judge**

    This matter comes before the Court on Plaintiff Martin Luther Rogers' ("Plaintiff") Motion to Amend the Complaint, (Motion for Leave to Amend, Docket Entry 47). Defendants D. Cade, K. Davis, H. Ortiz, R. Pettit, D. Ruiz, and L. Vastano ("State Defendants") take no position on the motion. (Docket Entry 49). This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b).

    1.   On June 19, 2013, Plaintiff submitted a civil complaint alleging Defendant McKishen and John Doe mailroom officers violated his constitutional rights by opening, inspecting, reading, and tampering with his legal mail outside of his presence during his incarceration at South Woods State Prison ("SWSP"). (Complaint, Docket Entry 1). The Court permitted the complaint to proceed on May 1, 2014. (Docket Entry 2).

2.     Plaintiff moved to amend his complaint on September 8, 2014, as he had identified the present State Defendants as being mailroom employees during the period of his incarceration at SWSP. (First Motion to Amend, Docket Entry 8). Magistrate Judge Donio granted the motion and ordered the amended complaint to be served on the State Defendants. (Docket Entry 9).

3.     After successfully moving to set aside the Clerk's entry of default that was entered after they failed to timely answer the amended complaint, the State Defendants submitted their answer on January 30, 2015. (Answer, Docket Entry 19).

4.     On November 25, 2015, the State Defendants moved for summary judgment. (Motion for Summary Judgment, Docket Entry 40).

5.     Plaintiff filed opposition to the motion for summary judgment on December 18, 2015, (Docket Entry 44), and filed the instant motion to amend his complaint on January 22, 2016. (Docket Entry 47).

6.     On February 8, 2016, the State Defendants filed a letter with the Court indicating they took no position on Plaintiff's motion. (Docket Entry 49).

7.     Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course. "In all other cases, a party may amend its pleading only with

2

the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). As Plaintiff has already amended his complaint once as of right and the State Defendants have not given their written consent, the complaint may only be amended with leave of Court.

8.   The Second Amended Complaint ("SAC") seeks to add defendants whose identities were unknown to Plaintiff at the time he filed the complaint and amended complaint. Plaintiff identified those individuals through discovery received in January 2016. (Second Motion to Amend, ¶¶ 2-3). The SAC also drops Plaintiff's claims against defendants D. Cade, D. Ruiz, and L. Vastano. (SAC ¶¶ 3-5).

9.   Although the State Defendants do not expressly consent to the amendment, they have not argued they will be prejudiced by amendment of the complaint. The Court therefore finds that the interests of justice would be served by permitting Plaintiff to amend his complaint to include potentially liable parties and to dismiss those defendants against whom Plaintiff does not wish to pursue claims.

10.  The motion shall be granted, and the Clerk of the Court shall file the second amended complaint.[1]

11.  As there is a new operative complaint, the pending motion for summary judgment will be dismissed as moot.

12.  An appropriate Order follows.


| April 22, 2016 | s/ Jerome B. Simandle |
|---|---|
| Date | JEROME B. SIMANDLE |
|  | Chief U.S. District Judge |

---

[1] Plaintiff is presently incarcerated and proceeding *in forma pauperis*. Therefore, the Court must screen Plaintiff's proposed amended complaint to determine whether the complaint "fails to state a claim on which relief may be granted[.]" See 28 U.S.C. § 1915(e)(2)(B)(ii); see also 28 U.S.C. § 1915A(a). The substantive claims in the complaint have not changed since this Court originally permitted the complaint to proceed. The SAC shall therefore be permitted to proceed.